HAZEL BAUMGART, Respondent, v. LEONARD B. FINEWOOD, Doing Business under the Name of FINEWOOD & MARTIN, and DOMINICK MONTULLI, Appellants, LOUIS MONTULLI and NICK BASOLOCIE, Defendants.— Judgment and order affirmed, with costs. Memorandum: Upon the evidence there was a question of fact for the jury as to the negligence of the driver of appellant's truck. The verdict of the jury that such driver was guilty of negligence and that the respondent was free from contributory negligence, was supported by a fair preponderance of the evidence. We find no error in allowing as an element of the recovery the hospital bill from the date that the respondent signed the agreement to be personally liable therefor. The question as to recovery because of the lien granted by section 189 of the Lien Law (added by Laws of 1936, chap. 534), is not involved in this appeal as the charge of the court was simply to the effect that the plaintiff-respondent was entitled to recover the amount of the hospital expenses from the date she executed the agreement to pay the same. The question as to whether it was erroneous to limit the recovery to the amount of expenses incurred subsequent to the execution of such agreement, is not before us on this appeal. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

CLIFFORD DRUMMOND and RUTH DRUMMOND, Respondents, v. KRAMER BROS. FREIGHT LINES, INC., and WILLIAM SLATER, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiff Clifford Drummond shall, within ten days, stipulate to reduce the verdict in his favor to the sum of $1,500, as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, unless the plaintiff Ruth Drummond shall, within ten days, stipulate to reduce the verdict in her favor to the sum of $4,500, as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified, the judgment is, together with the order, affirmed, without costs of this appeal to any party. All concur. (The judgment is for plaintiffs in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

EDWARD ROWE and Others, Respondents, v. C. LaRUE HAVENS, Defendant, and JOAN H. HAVENS, Appellant.— Judgment affirmed, with costs. Memorandum: The evidence shows that the appellant knew at the time the articles were bought that the groceries purchased from plaintiffs were charged to Mr. and Mrs. LaRue Havens and that appellant personally made some payments upon the account and personally ordered most of the goods purchased. The finding that she intended to pledge her individual credit and to charge her separate estate was supported by the evidence. All concur. (The judgment is for plaintiffs in an action to recover the purchase price of goods sold and delivered.) Present — Sears, P. J., Crosby, Lewis, Cunningham, and Taylor, JJ.